[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 1, 1995, the plaintiff, Kevin M. Piccolo, filed a four count complaint against the defendant, Connecticut Light 
Power Company (CLP). The plaintiff alleges the following facts CT Page 12842 in his complaint. The plaintiff resides at Eight Hickory Hill Road in Branford, Connecticut. CLP owns a one hundred and ten foot (110') wide easement across the plaintiff's property for the transmission of electric current. Approximately fifty feet (50') from the rear of the plaintiff's home, CLP owns and operates one or more 115 kilovolt power lines. CLP's power lines emit EMFs, which cross the easement and penetrate the plaintiff's residence. Further, the plaintiff claims that the presence of EMFs on his property and elevated EMFs in his residence have stigmatized his property, and either rendered his residence unmarketable, or substantially reduced his residence's fair market value.
The plaintiff claims relief based on four causes of action: (1) nuisance, (2) trespass, (3) inverse condemnation, and (4) violation of General Statutes § 16-234.[1]
The plaintiff has requested the following relief: (1) damages in excess of fifteen thousand dollars ($15,000); (2) a permanent injunction requiring the defendant to reduce EMF levels on the plaintiff's property and in his residence; (3) appointment of appraisers pursuant to General Statutes § 16-236, and judgment for the amount found due plus costs; (4) damages, costs, appraisers' fees and attorney's fees pursuant to General Statutes § 48-17b; and (5) costs of the action.
On April 25, 1995, the defendant moved for partial summary judgment on count two of the complaint alleging that count two is legally and factually insufficient. The plaintiff claims in count two of his complaint that EMFs from CLP's power lines constitute a trespass because these EMFs cross the easement and penetrate the plaintiff's property and residence. In support of the motion for partial summary judgment, the defendant filed the affidavit of Robert E. Carberry, an electrical engineer employed by Northeast Utilities Service Company (NUSCO).
On June 15, 1995, the plaintiff filed a memorandum in opposition to the defendant's motion for partial summary judgment and the counter-affidavit of Kevin M. Piccolo.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 12843 party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202, (1995). Further, a motion for summary judgment is, "apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." United Oil v. Urban Redevelopment Commission, 158 Conn. 364,375, 260 A.2d 596 (1969).
The defendant argues in its memorandum of law in support of its partial summary judgment motion that the plaintiff's claim of trespass is factually and legally insufficient because: (1) the easement grants CLP the right to transmit EMFs; and (2) as a matter of law, the mere transmission of EMFs cannot give rise to a claim of trespass.
The plaintiff argues in opposition that EMFs do not remain within the boundaries of the easement but rather, EMFs cross the easement line and penetrate both the plaintiff's property and his residence. Further, the plaintiff disagrees with the defendant as to the proper test the court should use to determine whether EMFs constitute a trespass. To date, however, the Connecticut courts have not determined whether EMFs constitute a cause of action for trespass.
The term electromagnetic field, "refers to two separate forces. . . . An electric field is created by the voltage in a conductor. . . . The electric current in a conductor, in turn, creates a magnetic field, which exerts a force on any charged particle nearby. . . . Unlike electric fields, magnetic fields are not weakened by trees or building materials. . . . Because only certain ferrous metals can shield against a magnetic field, power lines can be a source of magnetic fields in nearby houses." Scott Strauss, The Big Uncertainty Over EMF, Conn. Law Tribune, December 6, 1993, p. 20. CT Page 12844
Nationwide, EMFs have emerged as a public health concern. Numerous EMF cases have been filed, however, few EMF cases in Connecticut have been decided. See Pescatello v. Planning Zoning Commission, Superior Court, judicial district of New London at New London, Docket No. 526104 (August 3, 1994) (Hendel, J.) (residents submitted information regarding EMFs and their health effects to the Town Planning and Zoning Commission to prevent the granting of a special permit, which would have allowed the plaintiff to erect a commercial radio tower); Walstonv. Northeast Utilities, Superior Court, judicial district of New Haven at New Haven, Docket No. 327441 10 Conn. L. Rptr. 280 (October 18, 1993) (Gordon, J.) (granting the defendant's motion to strike the plaintiffs' claims under the Connecticut Unfair Trade Practices Act because the plaintiffs' allegations did not show that they suffered a loss from the distribution or sale of electricity to them); Braunv. Connecticut General Light and Power Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 7006564 Conn. L. Rptr. 63
(May 16, 1991) (O'Neill, J.) (denying plaintiffs' action for an injunction enjoining CLP from reconstructing a utility pole transmission line, but concluding that after examining all the studies, the court, "is puzzled, unconvinced and not close to being sure", regarding EMFs and their potential health effects). It is submitted that the notion of a plaintiff bringing a toxic tort case, including property actions of trespass and nuisance, for EMFs penetrating their property and residence represents a newly developing area of law in the state of Connecticut.
A series of recent studies have identified a possible connection between EMFs and increased cancer prevalence. See Scott Strauss, The Big Uncertainty Over EMF, Conn. Law Tribune, December 6, 1993, p. 20 (describing a Swedish study which found a statistically significant relationship between EMF exposure and adult cases of chronic lymphocytic leukemia, and a Scandinavian study which, after pooling studies conducted in Denmark, Finland and Sweden, found statistically significant associations between EMF exposure and childhood leukemia). Although the results and conclusions some scientists have drawn bolster a connection between EMFs and adverse health effects, other scientists' studies and results contradict this conclusion. See id., p. 21 (stating the conclusion of the Universities Consortium on Electromagnetic Fields, a consortium composed of scientists at three Colorado universities, that, "there is no persuasive evidence of a direct link between EMF exposure and adverse human health effects."). Thus, because of the complex nature of CT Page 12845 electromagnetic fields and the issues of public health that it involves, this court concludes it must deny the defendant's motion for summary judgment.
Because a motion for summary judgment constitutes a poor means to resolve a case involving complex issues and public policy concerns; United Oil v. Urban Redevelopment Commission,
supra, 158 Conn. 375; the defendant's motion for summary judgment on count two in trespass is denied.
Zoarski, J.