[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The original plaintiff, 10 Westport Holdings, brought this action against the defendants. Wilton Hunt Limited Partnership (Wilton Hunt) and ERA II, Incorporated (ERA), alleging trespass, negligence, recklessness and nuisance arising out of excavation work performed by ERA on property owned by the plaintiff.[1]
The defendant Wilton Hunt commenced construction of a residential subdivision on its property at 128 Westport Road, Wilton, Connecticut prior to November 1, 1994.The plaintiff alleges that during the course of construction, Wilton Hunt and/or ERA excavated on its property without authorization or consent in order to connect the subdivision to the Town of Wilton's sewer system and further alleges that its property, has been damaged as a result of this excavation and improper installation of sewer line on its property.
The plaintiff, Louis Dreyfus Corporation, filed a motion for summary judgment as to the liability of the defendant ERA on the first count of the complaint for trespass. CT Page 11702
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and. therefore, cannot refute evidence properly presented to the court[.] . . ." (Citations omitted. internal quotation marks omitted.) Maffuci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55. 707 A.2d 15 (1998).
Practice Book 17-50 provides, in relevant part, "[a] summary judgment, interlocutory in character. may be rendered on the issue of liability alone. although there is a genuine issue as to damages." Practice Book § 17-50. In the present case, the plaintiff seeks summary judgment as to the liability of the defendant ERA for trespass.
The plaintiff argues that. as a matter of law, ERA is liable for trespass because it "intentionally invaded and caused substantial damage to [the plaintiff's] property outside of the [Bureau of Highway's] easement." The plaintiff further contends that ERA is liable for trespass within the Bureau of Highway's easement because (1) the Department of Transportation permit authorized installation of the sewer pipe only within the boundaries of the Bureau of Highways' property; (2) the Department of Transportation permit was obtained based on a false and misleading statement of fact; and (3) the Department of Transportation did not have the authority to authorize installation of a sewer line within an easement for highway purposes.
In response, the defendant argues that "several material issues of fact exist. not the least of which are (1) a material dispute between land surveyors regarding the correct location of relevant property boundary lines and easement boundary lines: CT Page 11703 and (2) the scope of a certain highway purposes' easement." In addition, the defendant contends that "a material fact exists as to whether the plaintiff consented to the defendant's alleged entry upon their land."
Summary judgment is "ill adapted to cases of a complex nature or those involving important public issues. Which often need the full exploration of trial." United Oil Co. v. Urban RedevelopmentCommission. 158 Conn. 364, 375. 260 A.2d 596 (1969). See alsoMiller v. United Technologies Corp., 233 Conn. 732, 752,660 A.2d 810 (1995) (summary judgment is ill suited to the disposal of complex cases); Piccolo v. Connecticut Power and Light. Superior Court, judicial district of New Haven at New Haven, Docket No. 0371992 (November 8, 1995. Zoarski. J.) (15 Conn. L. Rptr. 434,436) (denying the defendant's motion for summary judgment on trespass count because "a motion for summary judgment constitutes a poor means to resolve a case involving complex issues and public policy concerns[.] . . .").
The present case involves several complex issues which need full exploration at trial. There are underlying questions as to the liability of ERA which must be resolved before this court can enter judgment as a matter of law. In excavating and installing the sewer pipe. it appears that ERA relied solely on the Grumann Plan submitted by the defendant. Wilton Hunt. to the Department of Transportation. There is a question whether ERA was justified in this reliance or had a duty to verify the property and easement boundary lines with the Town of Wilton land records. The plaintiff's motion for summary judgment is denied.
D'ANDREA, J.